

# NUMBER 13-24-00330-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALEJANDRO VILLEDA,                                     **Appellant,**

**v.**

HK REO, LLC,                                           **Appellee.**

## ON APPEAL FROM THE 398TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

This case concerns a tax lien foreclosure sale of property formerly owned by appellant Alejandro Villeda and eventually acquired by appellee HK REO, LLC (HKR). By what we construe as two issues, Villeda argues the trial court abused its discretion in striking his answer and erred in granting HKR's motion for summary judgment. We affirm.

## I. BACKGROUND

Villeda owned the three tracts of land (the Property) subject to this dispute.[1] On March 4, 2019, a Hidalgo County district court entered a judgment reciting that $35,358.33 in delinquent taxes were owed on the Property and ordering a foreclosure sale to satisfy the debt. Among the numerous plaintiffs seeking foreclosure was Propel Financial Services, LLC (Propel).

On August 4, 2020, TLF REO, LLC (TLF) purchased the Property for $31,234.51 at a tax lien foreclosure sale. The deed of sale was recorded on March 15, 2021, and noted that it was given to TLF "subject to the right of [Villeda] to redeem the Land and Premises within the time and in the manner provided by law." On October 21, 2021, TLF conveyed the Property to HKR by special warranty deed.

On January 27, 2023, Villeda filed suit against Propel's successor in interest PFS Tax Lien Trust (PFSTLT) for breach of contract, declaratory relief, trespass to try title, quiet title, and equitable subrogation. Villeda alleged that he executed an agreement with Propel in November 2020 which required him to make "regular monthly payments on

---

[1] The Property is described as follows:

> Tract 1: 2.40 ACRES MORE OR LESS, BLOCK 10 AND LOT "L" OF THE RESUBDIVISION OF LOTS 17, 20, LA BLANCA AGRICULTURAL COMPANY SUBDIVISION "A", A SUBDIVISION IN HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 1 PAGE 44, MAP RECORDS OF HIDALGO COUNTY, TEXAS.
>
> Tract 2: LOT 6, COLLIER SUBDIVISION, A SUBDIVISION IN HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 3, PAGE 22, MAP RECORDS OF HIDALGO COUNTY, TEXAS.
>
> Tract 3: LOT 15 COLLIER SUBDIVISION, A SUBDIVISION IN HIDALGO COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 3, PAGE 22, MAP RECORDS OF HIDALGO COUNTY, TEXAS.

funded proceeds"[2] concerning the Property, and further alleged that he paid over $183,000.00 "in satisfaction of the purchase price."[3] Villeda thus sought damages for alleged breach of contract and a judgment recognizing his "superior title" in the Property.[4] The same day, Villeda filed a notice of lis pendens affecting the Property with the Hidalgo County Clerk. On April 21, 2023, HKR filed an intervening petition against Villeda for declaratory relief, quiet title, and trespass to try title, and asserted statute of limitations as an affirmative defense.

On July 25, 2023, HKR filed a motion for summary judgment on its three claims against Villeda. HKR argued that the August 2020 tax lien foreclosure sale extinguished Villeda's interest in the Property and that it acquired valid, lawful title to the Property. HKR additionally argued that Villeda could not challenge the sale's validity because he did not contest it within the applicable statute of limitations. *See* TEX. TAX CODE § 34.08. Attached in support of the motion was a business records affidavit, Hidalgo County property records, an attorney's fees affidavit by Dylan Schultz, Villeda's petition, and an affidavit by Schultz authenticating exhibits. The parties filed several responses and replies, and the trial court set the motion for a hearing by submission on December 18, 2023.

On December 15, 2023, Villeda filed his answer to HKR's petition which included counterclaims for declaratory relief, trespass to try title, suit to quiet title, equitable subrogation, right of redemption, and suit to set aside the tax sale. In response, HKR filed a motion to strike Villeda's answer arguing it was untimely filed under Texas Rule of Civil

---

[2] Villeda's brief clarifies that this alleged agreement with Propel was "to receive financing to pay outstanding property taxes on the subject property."

[3] Villeda's petition indicated that receipts of the payments would be attached as an exhibit, but none appear in the record.

[4] As underscored by HKR, it is unclear how Villeda's claim for breach of contract against PFSTLT has any bearing on title to the Property.

Procedure 63. *See* TEX. R. CIV. P. 63 (providing in part that "any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter . . . shall be filed only after leave of the judge is obtained"). On January 9, 2024, the trial court signed an order denying HKR's motion for summary judgment. On February 26, 2024, HKR filed a motion to reconsider its summary judgment motion. Following unsuccessful mediation, the trial court signed an order on April 23, 2024, granting HKR's motion for summary judgment and stating:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that [HKR's] Motion to Strike filed on December 15, 2023[,] is in all ways granted for the reasons stated therein and the Answer of [Villeda] to Petition in Intervention Filed by [HKR] on December 15, 2023, which included counterclaims against [HKR] . . ., is hereby so stricken from the record in this case.

This appeal followed.[5]

## II.    DISCUSSION

Villeda frames his issue as "[w]hether the trial court properly granted summary judgment in favor of [HKR] on all the claims." While Villeda recites the summary judgment standard, Villeda's brief contains no substantive argument or analysis concerning the merits of HKR's summary judgment motion and instead focuses exclusively on the trial court striking his answer. Villeda states: "The first supported [sic] finding of the [trial court] was that the answer filed by [Villeda] in response to [HKR] was stricken along with the counterclaims asserted by [Villeda]." Citing Rule 63, Villeda seemingly argues the trial court abused its discretion by striking his answer and counterclaims because the order doing so "was entered over four months after the answer was filed and there were no trial

---

[5] At the time of the April 23, 2024 judgment, Villeda's claims against PFSTLT were still pending. However, the trial court entered an amended final order on August 27, 2024, "disposing of all parties and all claims in this cause." Therefore, the judgment is final and appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties.").

settings on the docket or schedule to require the [c]ourt's leave."[6] *See id.* Villeda appears to argue that because the trial court's order struck his answer, the arguments asserted therein were not considered. Consequently, Villeda asserts that had his answer been considered, it would have "effectively reactivated the limitations period and [his] right to redeem." We thus construe Villeda's argument on appeal as presenting two issues: whether the trial court abused its discretion in striking his answer and whether the trial court erred in granting summary judgment.

## A.    Rule 63

By what we construe as his first issue, we examine whether the trial court abused its discretion in striking Villeda's answer. A party may amend or respond to pleadings "at such times not to operate as a surprise to the opposite party." TEX. R. CIV. P. 63. But any pleadings filed within seven days of the date of trial or thereafter shall be filed only with leave of the court. *Id.* A trial court shall grant such leave unless there is a showing that such a filing will operate as a surprise to the opposite party. *Id.* A trial court has no discretion to deny leave to amend unless (1) the party opposing the amendment presents evidence of surprise or prejudice, or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *State Bar v. Kilpatrick*, 874 S.W.2d 656, 658 (Tex. 1994). "On appeal, a trial court's refusal to allow an amendment [under Rule 63] will not be disturbed unless the complaining party shows a clear abuse of discretion." *Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 566 S.W.3d 801, 827 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). "Only if it is clear from the record that the trial court acted in an arbitrary manner,

---

[6] Villeda provides no authority to support the implication that a trial court can only strike pleadings within certain time periods.

without any reference to guiding rules and principles, and could reach but one decision, will we reverse a ruling on a motion to strike." *Id.*

While Villeda contends "there were no trial settings on the docket or schedule to require the [c]ourt's leave," it is well established that "[a] summary judgment hearing is a trial under Rule 63." *Cotton v. Briley*, 517 S.W.3d 177, 185 (Tex. App.—Texarkana 2017, no pet.) (citing *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988)). Villeda filed his answer December 15, three days before the summary judgment hearing, and did not seek or obtain leave of court to file the pleading within seven days of the hearing. Villeda's answer (filed almost eight months after HKR's petition was filed and five months after HKR's summary judgment motion was filed) asserted for the first time causes of action against HKR for declaratory relief, trespass to try title, suit to quiet title, equitable subrogation, right of redemption, and suit to set aside the tax sale.

In response, HKR filed a written objection to Villeda's answer as violating Rule 63. The trial court could have reasonably concluded that the answer was prejudicial on its face and HKR objected to the amendment. *See Kilpatrick*, 874 S.W.2d at 658. Villeda otherwise provides no argument demonstrating how the trial court abused its discretion. We therefore conclude that Villeda has not shown the trial court abused its discretion in striking his answer. *See Tex. Black Iron*, 566 S.W.3d at 827. We overrule Villeda's first issue.

## B.    Summary Judgment

By what we construe as Villeda's second issue, we examine whether the trial court erred in granting HKR's motion for summary judgment. Besides briefly reciting the standard of review for summary judgment, Villeda fails to make any argument regarding the merits of HKR's summary judgment motion. He fails to discuss any of the evidence

6

presented, any of the subject causes of action, or any of the grounds raised in HKR's motion. Villeda does not include any record citations nor legal analysis demonstrating a viable fact issue to defeat summary judgment and instead focuses his entire two pages of analysis on whether his answer was improperly struck. *See* TEX. R. APP. P. 38.1(i).

In sum, Villeda's briefing is entirely devoid of any substantive argument on the summary judgment granted by the trial court. *See Craaybeek v. Craaybeek*, No. 02-20-00080-CV, 2021 WL 1803652, at *5 (Tex. App.—Fort Worth May 6, 2021, pet. denied) (mem. op.) ("We cannot make the party's arguments for him, and then adjudicate the case based on the arguments we have made on his behalf." (citation modified)). We therefore conclude that Villeda has inadequately briefed his second issue and has waived our review. *See* TEX. R. APP. P. 38.1(i); *Fredonia State Bank v. Gen, Am. Life Ins.*, 881 S.W.2d 279, 284 (Tex. 1994) (holding appellate courts have discretion to deem issues waived due to inadequate briefing); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) ("[W]e are not required to search the record for a scintilla of evidence raising a material fact issue without more specific guidance."). We overrule Villeda's second issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
2nd day of July, 2026.

7